IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| DANIEL WAYNE CLAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-2240-SAC-DJW |
| | ) |
| UNITED PARCEL SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT UNITED PARCEL SERVICE, INC.'S
ANSWER TO PLAINTIFF'S EMPLOYMENT
<u>DISCRIMINATION COMPLAINT</u>**

Defendant United Parcel Service, Inc. ("UPS"), for its Answer to Plaintiff's Employment Discrimination Complaint, states as follows:

**STATEMENT OF CLAIMS**

1. Paragraph 1 in Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, UPS admits that Plaintiff's employment discrimination lawsuit is purportedly based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., for employment discrimination. UPS further admits that Plaintiff purports to assert claims for breach of contract and work place harassment. UPS denies that it discriminated against Plaintiff, denies that it violated Title VII, and further denies that plaintiff is entitled to any relief. UPS further denies it breached any alleged contract or is liable for work place harassment.

2. UPS denies the allegations in paragraph 2 of Plaintiff's Complaint.

3. UPS denies the allegations in paragraph 3 of Plaintiff's Complaint.

## ADMINISTRATIVE PROCEDURES

4. UPS admits that Plaintiff filed a Charge of Discrimination with the Kansas Human Rights Commission. UPS is without sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 4 of Plaintiff's Complaint and accordingly denies the same.

5. UPS admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. UPS is without sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 5 of Plaintiff's Complaint and accordingly denies the same.

6. UPS admits the allegations in paragraph 6 of Plaintiff's Complaint.

7. Paragraph 7 in Plaintiff's Complaint does not require a response, as Plaintiff is not alleging age discrimination. To the extent a response is required, the allegations are denied.

## NATURE OF THE CASE

8. UPS denies each and every allegation contained in paragraph 8 of Plaintiff's Complaint.

9. UPS denies each and every allegation contained in paragraph 9 of Plaintiff's Complaint.

10. Paragraph 10 of Plaintiff's Complaint and its reference to its attachment does not require a response as it violates Rule 8 of the Federal Rules of Civil Procedure, which requires a short and plain statement that the pleader is entitled to relief. UPS denies that it discriminated against Plaintiff, denies that it violated Title VII, and further denies that Plaintiff is entitled to any relief whatsoever. UPS further denies it breached any alleged contract or is liable for work place harassment. UPS denies that Plaintiff is entitled to any relief under the first, second, third, fourth, and any additional claims he asserts. To the extent further response is required, UPS is

without sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 10 or Plaintiff's attachment thereto, and therefore, denies the same.

11. UPS denies each and every allegation contained in paragraph 11 of Plaintiff's Complaint.

12. Answering paragraph 12 of Plaintiff's Complaint, UPS admits that it no longer employs Plaintiff.

13. Paragraph 13 in Plaintiff's Complaint does not require a response, as Plaintiff is not alleging disability discrimination. To the extent a response is required, the allegations are denied.

WHEREFORE, having fully answered Plaintiff's Complaint, UPS prays that Plaintiff be denied any relief. UPS further asks for judgment in its favor, for its costs and reasonable attorney's fees, and for whatever further relief the Court deems just and proper under the circumstances.

**ADDITIONAL AND AFFIRMATIVE DEFENSES**

UPS, for its affirmative and other defenses to all counts in Plaintiff's Complaint, respectfully states:

1. UPS specifically denies each and every allegation in Plaintiff's Complaint not specifically admitted herein.

2. Even if Plaintiff could show facts supporting a discrimination, harassment, or retaliation claim, which UPS denies, UPS cannot be held liable because Plaintiff did not avail himself of UPS's anti-harassment and anti-discrimination policies.

3. Plaintiff's Complaint fails in whole or in part to state a claim upon which relief may be granted.

4. Plaintiff's prayer for relief fails to the extent that Plaintiff has not mitigated his damages as required by law, and to the extent Plaintiff has mitigated his damages, UPS is entitled to offset those amounts.

5. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, and/or unclean hands.

6. Plaintiff's claims are barred in whole or in part by his failure to exhaust his administrative remedies and/or prerequisites.

7. Plaintiff has not incurred any damages to which UPS may be lawfully held responsible.

8. Plaintiff's claims for compensatory and punitive damages and other relief are subject to all applicable statutory caps and limitations.

9. Plaintiff's claims for punitive damages are barred by and violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution because the procedures for assessing punitive damages, facially and as applied to the facts of this case violate constitutional due process requirements.

10. To the extent that Plaintiff is seeking punitive damages, those claims are barred because UPS did not engage in discriminatory or retaliatory conduct with malice or reckless indifference toward plaintiff, and UPS exercised reasonable care and made good faith efforts to prevent discrimination and retaliatory conduct in accordance with all applicable laws.

11. UPS's acts and omissions were undertaken in good faith, for good cause and based upon reasonable factors other than race discrimination, hostile work environment and retaliation.

12. Plaintiff's claims are barred insofar as they exceed the scope of allegations made before any administrative agencies.

13. Plaintiff's claims are barred insofar as he seeks damages not recoverable under the applicable statutes.

14. Plaintiff's claims are frivolous and without foundation in law or fact, and UPS is entitled to its costs and attorney's fees in defending this action.

15. UPS avers that even if Plaintiff could prove that he was discriminated or retaliated against, which UPS denies, it would have made the same decision due to legitimate non-discriminatory reasons.

16. Plaintiff's claims are barred, in whole or in part, by his failure to exhaust the grievance procedures provided by the collective bargaining agreement and the available internal union remedies.

17. UPS exercised reasonable care to prevent and promptly correct any alleged incidents of discrimination, harassment, and/or retaliation that Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities provided by UPS or to avoid harm otherwise.

18. UPS asserts the after-acquired evidence doctrine.

19. All alleged actions, events, injuries and/or damages complained of by Plaintiff, the existence of which are denied by UPS were, if they occurred, wholly or in part the result of Plaintiff's own fault, negligence, wrongful acts and/or omissions and such claims should be dismissed.

20. Even if Plaintiff could show fact supporting a discrimination or harassment claim, UPS cannot be held liable because Plaintiff did not avail himself of UPS' anti-harassment and anti-discrimination policies.

21. Plaintiff's claims are barred to the extent that Plaintiff's grievances were resolved under the terms of the collective bargaining agreement and through available internal union remedies.

22. UPS reserves the right to amend its pleadings to assert additional defenses, including affirmative defenses as such become known or ascertained through the course of discovery and further investigation.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant United Parcel Service, Inc., prays that plaintiff take nothing by way of his complaint, for its costs and fees expended and incurred herein, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

ARMSTRONG TEASDALE LLP

BY:   /s/ *Shelley I. Ericsson*
     Shelley I. Ericsson    #19098
     Dione C. Greene    #23010
     2345 Grand Boulevard, Suite 1500
     Kansas City, Missouri 64108-2617
     816.221.3420
     816.221.0786 (facsimile)

ATTORNEYS FOR DEFENDANT UNITED PARCEL SERVICE, INC.

**CERTIFICATE OF SERVICE**

This is to certify that on this 18th day of July, 2013, a true and accurate copy of the above and foregoing was e-filed with the Court using the CM/ECF system which sent notification to all parties entitled to service.

The undersigned further certifies that a true and correct copy of the foregoing document was sent via first class mail, postage prepaid, on July 18, 2013 to:

Daniel Wayne Clay
8000 E. 92nd St.
Kansas City, MO  64138
*Pro Se Plaintiff*

        /s/  *Shelley I. Ericsson*
An Attorney for Defendant